IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 27, 2015 Session

## BOBBY MCEARL v. CITY OF BROWNSVILLE

**Direct Appeal from the Circuit Court for Haywood County**
**No. 4084     Clayburn Peeples, Judge**

---

**No. W2015-00077-COA-R3-CV – Filed November 6, 2015**

---

This is a premises liability case. The plaintiff alleges he slipped and fell in a leaf-filled gutter maintained by defendant. Plaintiff filed suit against the defendant, alleging that the defendant failed to properly maintain and warn pedestrians of a dangerous condition. Because the trial court granted defendant summary judgment without making findings of fact or stating the legal basis for its decision before instructing defendant to prepare an order, we vacate the trial court's order of summary judgment and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Spencer Barnes, Jackson, Tennessee, for the appellant, Bobby McEarl.

Michael Mansfield and Brandon Wayne Reedy, Jackson, Tennessee, for the appellee, City of Brownsville.

## OPINION

### I. BACKGROUND & PROCEDURE

The background facts in this case are not disputed by the parties: Plaintiff/Appellant Bobby McEarl ("McEarl"), a plumber by trade, was working in a home adjacent to a public parking area maintained by the City of Brownsville ("City") on the morning of November 10, 2011. When McEarl discovered that he needed another part from a nearby plumbing store, he exited the home and crossed through the property's yard toward the parking area and his vehicle. McEarl alleges that he fell and was injured when he stepped into a leaf-filled gutter running between the yard and the parking area.

McEarl filed a negligence suit against the City alleging that the City failed to properly maintain the area of the street and failed to warn pedestrians of a dangerous condition. The City denied liability and subsequently filed a motion for summary judgment. The trial court heard arguments from both parties on June 2, 2014. After asking several questions of both parties, the trial court stated "I don't think – I don't think the City is responsible here. I'm granting [the defendant's] motion." The parties prepared competing orders, and the court signed and entered the order prepared by the City on December 16, 2014. The court's order granting defendant's motion for summary judgment listed a number of factual findings and found that the City did not owe a duty to McEarl, concluding that "it was not foreseeable from Defendant's point-of-view that a reasonably prudent person would forgo walking along a clear, unobstructed, common passageway, and instead, choose to walk between his vehicle and a curb through a leaf-filled gutter." The court's order further stated that "a reasonable person under the same or similar circumstances would not have walked through the leaf-filled gutter without knowing the condition of the surface beneath the leaves" and concluded that "even if Defendant owed Plaintiff a duty, Plaintiff cannot be considered anything less than fifty percent (50%) at fault." Lastly, the court's order determined that "the area where the Plaintiff fell was a minor aberration in the pavement, and was open and obvious to a reasonable person."

## II. ISSUES PRESENTED

McEarl presents the following issues on appeal, as slightly reworded:

1.    Whether the trial court erred in determining that McEarl's fall and resulting injuries were not foreseeable and that the City owed no duty to McEarl.

2.    Whether the trial court erred in determining that McEarl's actions in relation to his fall were not reasonable.

3.    Whether the trial court erred in determining that the area in which McEarl fell was an open and obvious minor aberration.

4.    Whether the trial court erred in determining that McEarl was at least fifty percent (50%) at fault in causing his fall and injuries.

## III. STANDARD OF REVIEW

McEarl appeals the trial court's order granting summary judgment in favor of the City. We therefore apply the standard of review applicable to summary judgment

decisions. Summary judgment is appropriate in virtually any civil case that can be resolved on the basis of legal issues alone. *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 81 (Tenn. 2010).

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Tennessee Code Annotated section 20-16-101 governs summary judgment:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101. A trial court's decision to grant a summary judgment motion presents a question of law, and we review it *de novo* with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). In doing so, we must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013).

## IV. ANALYSIS

Our supreme court rendered a decision in *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303 (Tenn. 2014), shortly after the trial court made its oral summary judgment ruling in this case. In *Smith*, the court made clear that Tennessee Rule of Civil Procedure 56.04's directive that "the trial court shall state the legal grounds upon which the court denies or grants the motion which shall be included in the order reflecting the court's ruling" is mandatory. *Smith*, 439 S.W.3d at 313. The rule exists to "promote respect for and acceptance of not only the particular decision but also for the legal system." *Id.* at 313. Without sufficient explanation of the reasons for granting summary judgment, appellate courts are required to "perform the equivalent of an archaeological dig [to] endeavor to reconstruct the probable basis for the [trial] court's decision." *Id.* at 313-14 (citation omitted). As the court explained in *Smith*:

> Despite the amendments to Tenn. R. Civ. P. 56.04 making the statement of grounds mandatory, the Court of Appeals has been reticent to vacate summary judgment orders that plainly do not comply with Tenn. R.

Civ. P. 56.04 and to remand them to the trial court for further consideration. The court continues to conduct archeological digs and to review summary judgment orders when the basis for the trial court's decision can be readily gleaned from the record and to remand the case only when their practiced eyes cannot discern the grounds for the trial court's decision.

We readily agree that judicial economy supports the Court of Appeals' approach to the enforcement of Tenn. R. Civ. P. 56.04 in proper circumstances when the absence of stated grounds in the trial court's order does not significantly hamper the review of the trial court's decision. However, in the future, the resolution of issues relating to a trial court's compliance or lack of compliance with Tenn. R. Civ. P. 56.04 should also take into consideration the fundamental importance of assuring that a trial court's decision either to grant or deny a summary judgment is adequately explained and is the product of the trial court's independent judgment.

*Id.* at 314. The court concluded that "Tenn. R. Civ. P. 56.04 requires the trial court, upon granting or denying a motion for summary judgment, to state the grounds for its decision *before* it invites or requests the prevailing party to draft a proposed order." *Id.* at 316 (emphasis added).

Although the trial court did not have the benefit of *Smith*, we must use *Smith*'s standards as we consider the December 16, 2014 order granting the City summary judgment. As in *Smith*, the order here is "essentially a restatement of the arguments contained in [the City's] filings in support of its motion for summary judgment." *Id.* at 317. While the trial court made comments and asked questions during the summary judgment hearing, it provided no factual findings or legal grounds for its decision that "I don't think the City is responsible here." At oral argument, both parties admitted that the trial court requested proposed orders from each of them and ultimately chose to use the proposed order provided by the City.

We are essentially asked to conduct an "archaeological dig" into the transcript from the June 2, 2014 hearing in order to determine what the trial court's comments and questions indicate about its state of mind during the proceeding. Notwithstanding the fact that the proposed order was submitted without the trial court first having stated grounds for its decision, we have no ability to know what the court's actual grounds were when it made its oral ruling. The record does not provide any indication whether the court found that the City had a duty or did not have a duty to McEarl, nor does it provide any indication what amount McEarl was at fault, if at all. Because the trial court failed to comply with Rule 56.04, we must vacate the trial court's order and remand this case to the trial court.

4

## V. CONCLUSION

For these reasons, we vacate the order of the trial court granting summary judgment in favor of the City and remand for further proceedings as may be necessary and consistent with this opinion. Costs of this appeal are taxed to the appellee, the City of Brownsville, for which execution may issue, if necessary.

_____
BRANDON O. GIBSON, JUDGE