# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 4, 2012 Session at Knoxville[1]

## IN RE ESTATE OF INA RUTH BROWN

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Chancery Court for Knox County**
**No. 61159-3     Michael W. Moyers, Chancellor**

---

**No. E2011-00179-SC-R11-CV - Filed March 22, 2013**

---

This appeal involves the validity of a will executed in contravention of an earlier contract to make mutual wills. A husband and wife signed a contract to make mutual wills and then executed those wills. Soon after the husband's death, the wife executed a new will that was inconsistent with her previous will. Following the wife's death, her son of an earlier marriage sought to probate his mother's last will in the Chancery Court for Knox County. In response, the children of the husband's earlier marriage filed an action in the Chancery Court for Knox County asserting (1) that their stepmother's last will had been procured by undue influence, (2) that this will was invalid because it breached the contract to prepare mutual wills, and (3) that the will prepared by their stepmother pursuant to the contract to make mutual wills should be admitted to probate. The wife's son asserted that the trial court lacked subject matter jurisdiction to adjudicate his stepfather's children's claims and that the contract to make mutual wills was void for lack of consideration. Following a hearing on the parties' cross-motions for a summary judgment, the trial court determined (1) that the husband's children had failed to prove that their stepmother's will had been procured through undue influence, (2) that it had subject matter jurisdiction to hear the claims asserted by the husband's children, (3) that the contract to make mutual wills was supported by adequate consideration, and, (4) that the wife's last will, therefore, was null and void. The Court of Appeals affirmed the trial court. *In re Estate of Brown*, No. E2011-00179-COA-R3-CV, 2011 WL 4552281 (Tenn. Ct. App. Oct. 4, 2011). We affirm.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed**

---

[1]The oral argument of this case was held at the University of Tennessee College of Law.

WILLIAM C. KOCH, JR., J., delivered the opinion of the Court, in which JANICE M. HOLDER, CORNELIA A. CLARK, and SHARON G. LEE, JJ., joined. GARY R. WADE, C.J., filed a concurring opinion.

Mark E. Brown and Maurice W. Gerard, Knoxville, Tennessee, for the appellant, Rockford Evan Estes.

William L. Waters, Knoxville, Tennessee, for the appellees, Roy E. Brown III, Joan Brown Moyers, and Donna Brown Ellis.

**OPINION**

**I.**

Roy E. Brown Jr. and Ina Ruth Brown were married in the early 1980s. Both of their previous marriages had ended in divorce, and each of them had children from these marriages. In 1982, Ina Brown executed a deed creating a tenancy by the entireties with Roy Brown Jr. in regard to real property on Irolla Road in Knoxville. While they resided on Irolla Road on several occasions during their marriage, by the 1990s, Roy Brown Jr. and Ina Brown were living on Brown Gap Road[2] in Knoxville in a house that had been built for them by Roy E. Brown III, Roy Brown Jr.'s son.

By 1999, Roy Brown Jr. was having respiratory problems caused by his smoking and exposure to asbestos. In October 1999, Roy Brown Jr. and Ina Brown signed a contract to make mutual wills "to insure the inheritance rights of all their issue after the death of the survivor of the two of them." At the same time, each of them executed a will. In his will, Roy Brown Jr. provided Ina Brown with a life estate in the Brown Gap Road property and then directed that the property pass to his three surviving adult children.[3] In her will, Ina Brown provided Roy Brown Jr. with a life estate in the Irolla Road property and then directed that the property pass to her two surviving sons.[4]

---

[2]The record contains several versions of the name of the road on which Roy Brown Jr. and Ina Brown lived. In this opinion, we will refer to the road as "Brown Gap Road."

[3]Roy Brown Jr.'s three surviving adult children were Roy Brown III, Joan Brown Moyers, and Donna Brown Ellis.

[4]At the time Ina Brown executed her 1999 will, her two adult sons were Rockford Evan Estes and Johnny Lynn Estes. Johnny Lynn Estes predeceased his mother and is not a party to this action.

By 2002, Roy Brown Jr. had been diagnosed with cancer, and his physical condition was deteriorating. In April 2002, he required surgery after he fell and broke his hip. Roy Brown III and his wife moved into the house on Brown Gap Road to take care of his father because Ina Brown was unable to do so.

On May 7, 2002, Roy Brown Jr. and Ina Brown executed a warranty deed conveying the Brown Gap Road property to Roy Brown III and his wife. Although this deed was recorded on June 18, 2002, none of the other children of either Roy Brown Jr. or Ina Brown were aware of the conveyance. Roy Brown III later testified that the only consideration for this conveyance was his construction of the house on the Brown Gap Road property.

On June 13, 2002, Roy Brown Jr. and Ina Brown signed a new contract to make mutual wills. Like their earlier contract, this contract recited that the parties "wish to insure the inheritance rights of all their issue after the death of the survivor of the two of them." In this contract, the parties agreed that

> in the event of the death of one of them, the surviving party shall have no right to change his or her Will dated the [13th] day of June, 2002, nor shall the surviving party have the right to dispose of any property . . . except as permitted under the terms of the other's Will.

Their new wills, also signed on June 13, 2002, gave each party a life estate in the real property they owned jointly or separately and provided that after the death of the survivor, all their real property would pass in equal shares to their four surviving children.[5]

Roy Brown Jr. died on June 19, 2002. Ina Brown was hospitalized at the time of Mr. Brown's death. When Ina Brown was released from the hospital, she did not return to the house on Brown Gap Road because of a disagreement between Roy Brown III and her son, Rockford Evan Estes. Despite the provisions of her June 13, 2002 contract with her now deceased husband, Ina Brown executed a new will on June 28, 2002, leaving her entire estate to Mr. Estes. Ina Brown died on February 1, 2003, at the age of seventy. None of Roy Brown Jr.'s surviving children were aware that she had executed a new will on June 28, 2002.

On March 25, 2003, Mr. Estes filed a petition in the Chancery Court for Knox County to probate his mother's June 28, 2002 will. While Mr. Estes published the required notice

---

[5]These wills also contained provisions for the disposition of the parties' personal property. These provisions are not in dispute in this case.

to creditors, he did not inform Roy Brown Jr.'s surviving children that he was proceeding to probate his mother's June 28, 2002 will. The trial court entered an order on March 31, 2003, admitting Ina Brown's June 28, 2002 will to probate.

In late 2003, when Roy Brown Jr.'s children attempted to probate Ina Brown's June 13, 2002 will, they discovered not only that Ina Brown had executed another will on June 28, 2002, but also that Mr. Estes had filed that will for probate. On February 10, 2004, they filed a complaint in the Chancery Court for Knox County in the pending proceeding to probate Ina Brown's June 28, 2002 will, contesting that will and seeking a declaratory judgment that the contract to make the wills that Roy Brown Jr. and Ina Brown executed on June 13, 2002 was valid and enforceable. The complaint alleged that Mr. Estes had exerted undue influence on Ina Brown to procure her June 28, 2002 will and that Ms. Brown's June 13, 2002 will should be admitted to probate and enforced.

In response, Mr. Estes denied exerting undue influence on his mother. He also moved for a summary judgment on the ground that the trial court lacked subject matter jurisdiction to hear a will contest based on the alleged breach of the June 13, 2002 contract to make mutual wills. Later, he insisted that the June 13, 2002 contract to make mutual wills was unenforceable against his mother because it lacked consideration.

In orders entered on June 11, 2010 and January 3, 2011, the trial court determined (1) that Roy Brown Jr.'s children had failed to prove that Mr. Estes had procured his mother's June 28, 2002 will using undue influence, (2) that it had subject matter jurisdiction over the claims by Roy Brown Jr.'s children based on the June 13, 2002 contract to make mutual wills, (3) that the June 13, 2002 contract to make mutual wills was supported by adequate consideration, and, therefore, (4) that Ina Brown's June 28, 2002 will was null and void.

Mr. Estes appealed. In the Court of Appeals, Mr. Estes took issue with the trial court's decision that it had subject matter jurisdiction over the challenge of Roy Brown Jr.'s children to Ms. Brown's June 28, 2002 will based on the breach of the June 13, 2002 contract to make mutual wills. He also asserted that the trial court erred by finding that the June 13, 2002 contract to make mutual wills was supported by adequate consideration. In an opinion filed on October 4, 2011, the Court of Appeals affirmed the trial court's judgment. *In re Estate of Brown*, No. E2011-00179-COA-R3-CV, 2011 WL 4552281, at *9 (Tenn. Ct. App. Oct. 4, 2011). We granted Mr. Estes's application for permission to appeal.

## II.

Summary judgments are appropriate in virtually any civil case that can be resolved solely on issues of law. *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012);

*Fruge v. Doe*, 952 S.W.2d 408, 410 (Tenn. 1997). Genuine disputes involving material facts or genuine disputes regarding the inferences reasonably drawn from the facts prevent disposing of a case as a matter of law. *See Green v. Green*, 293 S.W.3d 493, 513-14 (Tenn. 2009). Thus, not every case that involves cross-motions for summary judgment can be resolved on issues of law because the courts must rule on each motion independently and must determine, with regard to each motion, whether genuine disputes of material fact with regard to that motion exist and, if not, whether the party filing the motion has satisfied Tenn. R. Civ. P. 56's standards for summary judgment. *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 83 (Tenn. 2010).

There are indeed no genuine disputes regarding the facts that are material to the disposition of this case. Accordingly, the trial court correctly decided this case based on the legal issues alone. Because the trial court's judgment involved only issues of law, we will review its ruling de novo without a presumption of correctness, *Bailey v. Blount Cnty. Bd. of Educ.*, 303 S.W.3d 216, 226 (Tenn. 2010), and we will make a fresh determination regarding whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hughes v. New Life Dev. Corp.*, 387 S.W.3d at 471.

### III.

We turn first to Mr. Estes's argument that the trial court lacked subject matter jurisdiction to adjudicate the claim in the complaint filed by Roy Brown Jr.'s three children that Ina Brown's June 28, 2002 will was invalid because it breached the June 13, 2002 contract between Roy Brown Jr. and Ina Brown. Mr. Estes's argument is based on the fact that Roy Brown Jr.'s children's complaint was filed after the deadline for filing claims against Ina Brown's estate had passed.[6] While compliance with applicable statutes of limitations is a necessary ingredient for presenting a viable claim, timeliness affects the sufficiency of the particular claim, not the ability of the court to adjudicate claims involving the subject matter of the challenged claim. *See Grass Valley Terrace v. United States*, 69 Fed. Cl. 341, 347 (2005).

Subject matter jurisdiction involves the power of a court to adjudicate cases of the general class to which the proceedings in question belong. *See Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 674 (Tenn. 2012) (equating subject matter jurisdiction with a court's power "to adjudicate a particular type of controversy"); *Standard Sur. & Cas. Co. of N.Y. v.*

---

[6]At the time of these proceedings, Tenn. Code Ann. § 30-2-307(a)(1)(B) (2001) required that claims against a decedent's estate filed by creditors who did not receive notice of the probate proceeding be filed "within twelve (12) months from the decedent's date of death." Ina Brown died on February 1, 2003, and the complaint filed by Roy Brown Jr.'s three children was filed on February 10, 2004.

*Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943) (stating that one of the three essential elements of jurisdiction is that "the [c]ourt must have cognizance of the class of cases to which the one to be adjudicated belongs").  Without subject matter jurisdiction, orders or judgments entered by a court are void.  *Brown v. Brown*, 198 Tenn. 600, 610, 281 S.W.2d 492, 497 (1955).  Therefore, a challenge to a court's subject matter jurisdiction is a threshold issue.  *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012).

Tennessee's courts derive subject matter jurisdiction from the state constitution or a legislative act.  *Word v. Metro Air Servs., Inc.*, 377 S.W.3d at 674; *Meighan v. U.S. Sprint Commc'ns Co.,* 924 S.W.2d 632, 639 (Tenn. 1996).  A party's consent, silence, waiver, entered plea, or appearance before the court, is not sufficient to confer subject matter jurisdiction.  *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012); *Caton v. Pic-Walsh Freight Co.*, 211 Tenn. 334, 338, 364 S.W.2d 931, 933 (1963).  The burden of proving facts to establish the court's jurisdiction lies with the plaintiff.  *Word v. Metro Air Servs., Inc.*, 377 S.W.3d at 674; *Chenault v. Walker*, 36 S.W.3d 45, 56 (Tenn. 2001).

True statutes of limitations do not constitute grants of subject matter jurisdiction but rather restrict the powers of a court to act on a claim over which it has subject matter jurisdiction.  *See Pugh v. Brook (In re Pugh)*, 158 F.3d 530, 533-34 (11th Cir. 1998).  A statute of limitations defense challenges the sufficiency of a particular claim, not the subject matter jurisdiction of the court in which the claim is filed.  *See Grass Valley Terrace v. United States*, 69 Fed. Cl. at 347.  Thus, unlike challenges to subject matter jurisdiction which cannot be waived, defenses based on the statute of limitations are affirmative defenses that can be waived unless they are specifically pleaded.  *George v. Building Materials Corp. of Am.*, 44 S.W.3d 481, 486 (Tenn. 2001);[7] *see also United States v. Crossley*, 224 F.3d 847, 858 (6th Cir. 2000); *McLendon v. South Carolina Dep't of Highways & Pub. Transp.*, 443 S.E.2d 539, 540 (S.C. 1994).

There is little question that the trial court in this case, by statute, has subject matter jurisdiction to probate wills.  *See* Tenn. Code Ann. § 16-16-201(a) (2009).  It also has the statutory jurisdiction to hear will contests, *see* Tenn. Code Ann. § 32-4-109 (2009), declaratory judgment actions, *see* Tenn. Code Ann. § 29-14-102 (2012), and actions for breach of oral or written contracts, *see* Tenn. Code Ann. §§ 16-11-101, -102(a) (2009).  Accordingly, irrespective of the timeliness of the complaint filed by Roy Brown Jr.'s

---

[7]In the context of a criminal prosecution, we have similarly stated that "the better reasoned rule is to treat the statute of limitations as waivable, rather than jurisdictional. . . ."  *State v. Pearson*, 858 S.W.2d 879, 887 (Tenn. 1993).

children, the trial court had subject matter jurisdiction to adjudicate the sorts of claims raised in their complaint.

## IV.

Even though the timeliness of the complaint filed by Roy Brown Jr.'s children does not affect the trial court's subject matter jurisdiction, we must still address Mr. Estes's claim that the complaint should have been dismissed because it was not timely filed. Mr. Estes argues that the only way to challenge a will on the ground that it was executed in violation of a contract to make mutual wills is to file a claim against the estate and that Tenn. Code Ann. § 30-2-307(a) requires that such claims must be filed within twelve months from the decedent's death. Accordingly, Mr. Estes insists that the children of Roy Brown Jr. filed their complaint too late because the complaint was filed one year and nine days after Ina Brown's death.

Mr. Estes's argument stands or falls on the correctness of his assertion that the only way to challenge a will on the ground that it was executed in violation of a contract to make mutual wills is to file a claim against the estate. There is no question that filing a claim against the estate is an appropriate way to challenge a will on the ground that executing the will breached a contract to make mutual wills. *Rogers v. Russell*, 733 S.W.2d 79, 85 (Tenn. Ct. App. 1986). However, this is not the exclusive way to challenge a will on that ground.

Two years following the *Rogers v. Russell* decision, this Court agreed with the Court of Appeals that challenges to a will based on an alleged breach of a contract to make mutual wills were "not strictly will contests." *Junot v. Estate of Gilliam*, 759 S.W.2d 654, 655 (Tenn. 1988). Nonetheless, this Court held that a circuit court hearing a contest to the validity of a will had subject matter jurisdiction to determine whether the execution of the will breached a contract to make mutual wills. *Junot v. Estate of Gilliam*, 759 S.W.2d at 656. In reaching this decision, we noted that "various procedures have been followed in actions such as this," including a will contest[8] and an action seeking specific performance of a contract to make a will by imposing a constructive trust on specific real estate.[9] *Junot v. Estate of Gilliam*, 759 S.W.2d at 655.

It thus appears that this Court has recognized the following three procedural vehicles for challenging the validity of a will based on the allegation that its execution violated a contract to make mutual wills – (1) a claim against the estate, (2) a will contest, and (3) an

---

[8]*Petty v. Estate of Nichols*, 569 S.W.2d 840, 842 (Tenn. Ct. App. 1977).

[9]*Harris v. Morgan*, 157 Tenn. 140, 146, 7 S.W.2d 53, 54 (1928).

action for specific performance of the contract. For those who decide to contest a will on the ground that its execution breached a contract to make mutual wills, the contest must be filed, like all other contests, within two years after the entry of the order admitting the challenged will to probate. *See* Tenn. Code Ann. § 32-4-108 (Supp. 2012).[10] Because Ina Brown's June 28, 2002 will was admitted to probate on March 31, 2003, the complaint filed by Roy Brown Jr.'s children on February 10, 2004 was timely.

## V.

Finally, we turn to Mr. Estes's assertion that his mother's June 28, 2002 will is valid because the June 13, 2002 contract between his mother and Roy Brown Jr. was not supported by adequate consideration. He argues that his mother received nothing in exchange for the execution of her June 13, 2002 will because the Brown Gap Road property had been conveyed to Roy Brown III and his wife.

Adequate consideration is a necessary ingredient for every contract. *Bratton v. Bratton*, 136 S.W.3d 595, 600 (Tenn. 2004). Without mutual consideration, a contract is invalid and unenforceable. *Bratton v. Bratton*, 136 S.W.3d at 603-04. Consideration exists whenever a party does something that he or she has no legal obligation to do or refrains from doing something that he or she has a legal right to do. *Brown Oil Co. v. Johnson*, 689 S.W.2d 149, 151 (Tenn. 1985). We have noted that "[a]ny consideration, however small, will support a promise." *Danheiser v. Germania Savs. Bank & Trust Co.*, 137 Tenn. 650, 660, 194 S.W. 1094, 1096 (1917). Mutual promises are sufficient to constitute consideration. *Rodgers v. Southern Newspapers, Inc.*, 214 Tenn. 335, 342, 379 S.W.2d 797, 800 (1964).

All contracts in writing signed by the party to be bound are prima facie evidence of a consideration. Tenn. Code Ann. § 47-50-103 (2001). Thus, the party claiming a lack of consideration for a validly executed contract has the burden of overcoming this presumption. *Douglas v. General Motors Acceptance Corp.*, 205 Tenn. 432, 440, 326 S.W.2d 846, 850 (1959). Consideration is measured at the time the parties enter into the contract. Any decrease in the economic value – or even a complete lack of value thereafter – does not result in a failure of consideration. *GuestHouse Int'l, LLC v. Shoney's N. Am. Corp.*, 330 S.W.3d 166, 188 (Tenn. Ct. App. 2010).

Adequacy of the consideration with regard to a particular contract is a question of law when the evidence is undisputed and no conflicting inferences can reasonably be drawn from the evidence. *Bratton v. Bratton*, 136 S.W.3d at 601. The evidence with regard to the

---

[10]A 2011 amendment to this statute relating to contestants who are minors or who have been adjudged mentally incompetent is not applicable in this case.

execution of the June 13, 2002 contract to make mutual wills signed by Roy Brown Jr. and Ina Brown is not disputed. Thus, we will review the record de novo and make a fresh determination regarding whether Ina Brown received sufficient consideration for her agreement not to execute a new will following Roy Brown Jr.'s death.

We need not tarry long on this question. As a result of their execution of the contract to make mutual wills, Roy Brown Jr. and Ina Brown each contracted away their right to alter their respective will once the other died, as well as their right to dispose of their property in any method other than that permitted under the June 13, 2002 wills. Mr. Estes's characterization of the 2002 contract as a modification of an earlier contract, rather than a new contract, overlooks this point. When Ina Brown executed the June 13, 2002 contract, she made a promise not to alter her June 13, 2002 will once Mr. Brown died. Roy Brown Jr. made the same promise. The economic import of Ina Brown's decision is not for us to consider because the evidence demonstrates that the mutual exchange of promises between Ina Brown and Roy Brown Jr. was fairly and deliberately made. Therefore, we find as a matter of law that the contract to make mutual wills was supported by adequate consideration.

## VI.

We have determined that no genuine disputes of material fact exist in this case. Therefore, Roy Brown Jr.'s children are entitled to a judgment as a matter of law sustaining their challenge to the validity of Ina Brown's June 28, 2002 will. Accordingly, we find that the Court of Appeals correctly affirmed the judgment of the trial court. The judgment of the Court of Appeals is affirmed, and the case is remanded to the trial court for further proceedings consistent with this opinion. We also tax the costs of this appeal to Rockford Evan Estes and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUSTICE

-9-