# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### May 4, 2016 Session

## DELAIN L. DEATHERAGE V. JOHN C. HAILEY ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 15-537-II     Carol L. McCoy, Chancellor**

_____

### No. M2015-02202-COA-R3-CV – Filed July 19, 2016

_____

At issue in this case is whether the parties entered into a contract that granted Plaintiff a right of first refusal to purchase Defendants' real property. Defendants leased their property to Plaintiff for a twelve-month period. After the lease was renewed several times, Plaintiff inquired with Defendants' agent as to whether Defendants would be interested in selling the property. The agent informed Plaintiff via email that Defendants did not wish to sell their property at the time, but should they decide to in the future, Plaintiff "would have the first right of refusal." Defendants subsequently decided to sell the property to a third party and did not provide Plaintiff the opportunity to purchase the property. Plaintiff then filed this action for specific performance and breach of contract, asserting that Defendants granted Plaintiff an enforceable right of first refusal. After discovery, Defendants filed a motion for summary judgment, arguing that the purported contract fails for lack of mutual assent and consideration. The trial court granted summary judgment, holding that the language in the email correspondence was too indefinite to create a binding contract. We have determined that the agreement to provide Plaintiff with a right of first refusal was not supported by consideration; thus, it did not constitute a binding contract. Accordingly, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, JJ., joined.

Stephen W. Grace, Nashville, Tennessee, for the appellant, Delain L. Deatherage

Ronald H. Bice, Jr., Nashville, Tennessee, for the appellees, John C. Hailey and Peggy T. Hailey.

## OPINION

John C. Hailey and Peggy Hailey ("Defendants") are the owners of real estate in Nashville, Tennessee. With the assistance of a real estate management company, Defendants leased the property to Delain L. Deatherage ("Plaintiff") for an initial term of twelve months, from August 1, 2012, to July 31, 2013. The lease agreement was renewed in six-month increments—first from August 1, 2013, to January 31, 2014, and again from February 1, 2014, to August 1, 2014.

On February 11, 2014, after having renewed the lease for a second time, Plaintiff inquired with Pam Hill, the agent managing Defendants' rental property, as to whether Defendants would be interested in selling the property. This email correspondence reads as follows:

> **Plaintiff's Email [2/11/2014]:** Good evening Pam. Just letting you know that I am enjoying my stay at [Defendants' property]. I've had a passing thought and have now decided to throw it out there (I am in no rush to do so, but have considered it). . . . would [Defendants] be interested in any type of rent to own situation or even sell [their property]? I really like the area and think it's a good house. As I just mentioned, I am in no hurry to buy. There are some benefits to renting and I like to keep my expenses at a minimum. . . . Best regards, [Plaintiff]

> **Ms. Hill's First Response [2/11/2014]:** [I] [w]ill be happy to ask [Defendant]. I know he gets quick sale offers from people wanting to flip houses. Mainly, I am glad you enjoy the house. Pam

> **Ms. Hill's Second Response [2/17/2014]:** [Defendant] does not want to sell any of his properties at this time. He may need to at some point in the future. He did say you can stay as long as you want and should he decide to do something with the house you will be contacted first. You would have the first right of refusal. And of course if you do find something else you wanted to buy, I would understand. Let me know if I can help with anything. Pam

In August 2014, Plaintiff renewed the lease for a year, from August 1, 2014, to July 31, 2015. Eight months later, in April 2015, Defendants notified Plaintiff that they had entered into a contract for sale of the property to a third party.[1] In so doing, Defendants did not provide Plaintiff with the option to purchase the property.

---

[1] Defendants also notified Plaintiff that her lease was being terminated. The termination of the lease agreement is not at issue in this appeal.

Thereafter, Plaintiff filed suit for specific performance and breach of contract, asserting that through their agent, Ms. Hill, Defendants had entered into a contract with Plaintiff which granted Plaintiff a right of first refusal in the property. After discovery, Defendants filed a motion for summary judgment, arguing that the purported contract fails for lack of mutual assent and consideration. On October 30, 2015, the trial court entered an order granting the motion for summary judgment, holding that the language in the email correspondence was too indefinite to create a binding contract.

On appeal Plaintiff contends the email correspondence shows a clear and unambiguous agreement between the parties to grant Plaintiff a right of first refusal to purchase the property and that the agreement is supported by consideration because she renewed the lease agreement and forewent purchasing another property, in reliance on the right of first refusal.

## SUMMARY JUDGMENT

We review a trial court's summary judgment adjudications de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis*, *MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). In doing so, we make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.* (citing *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013)).

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04; *see also Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). The party moving for summary judgment bears the burden of demonstrating both that no genuine dispute of material fact exists and that it is entitled to a judgment as a matter of law. *Martin*, 271 S.W.3d at 83. When the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either: (1) by affirmatively negating an essential element of the nonmoving party's claim; or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense. *Rye*, 477 S.W.3d at 264.

## ANALYSIS

At issue in this case is whether the email communications between Plaintiff and Ms. Hill were sufficient to create a valid contract which granted Plaintiff a right of first refusal to purchase Defendants' property.

In Tennessee, the requisites for forming a valid contract are well settled. *Vraney v. Med. Specialty Clinic, P.C.*, No. W2012-02144-COA-R3-CV, 2013 WL 4806902, at \*18 (Tenn. Ct. App. Sept. 9, 2013). "A contract can be express or implied, and can be written or oral, but regardless, 'an enforceable contract must result from a meeting of the minds in mutual assent to the terms, must be based upon sufficient consideration, must be free from fraud or undue influence, not against public policy and must be sufficiently definite to be enforced.'" *Jones v. LeMoyne-Owen College*, 308 S.W.3d 894, 904 (Tenn. Ct. App. 2009) (quoting *Thompson v. Hensley*, 136 S.W.3d 925, 929-30 (Tenn. Ct. App. 2003)).

One of the necessary ingredients for every contract is mutual consideration, *Estate of Brown*, 402 S.W.3d at 200, and "[the] party attempting to prove the existence of a contract is required to show that the agreement upon which he or she relies was supported by adequate consideration." *Calabro v. Calabro*, 15 S.W.3d 873, 876 (Tenn. Ct. App. 1999). Generally, consideration may be either a benefit to the promisor or a detriment to or obligation upon the promisee. *Galleria Assocs., L.P. v. Mogk*, 34 S.W.3d 874, 876 (Tenn. Ct. App. 2000). Stated differently, "[c]onsideration exists whenever a party does something that he or she has no legal obligation to do or refrains from doing something that he or she has a legal right to do." *Estate of Brown*, 402 S.W.3d at 200.[2] Without mutual consideration, a contract is invalid and unenforceable. *Id.*

To constitute valid consideration, the benefit or detriment received by the party must be bargained for. *Bratton v. Bratton*, 136 S.W.3d 595, 606 (Tenn. 2004) (Holder, J., concurring in part and dissenting in part) (citing Restatement (Second) of Contracts § 71); *see also* 21 Tenn. Prac. Contract Law and Practice § 5:3. "The benefit or detriment is said to be bargained for if it is sought by one party in exchange for his or her promise and is given by the other party in exchange for that promise." *Bratton*, 136 S.W.3d at 606. The Restatement of Contracts explains the legal significance of reciprocity between the consideration and the promise as follows:

> In the typical bargain, the consideration and the promise bear a reciprocal relation of motive or inducement: the consideration induces the making of the promise and the promise induces the furnishing of the consideration. Here, as in the matter of mutual assent, the law is concerned with the external manifestation rather than the undisclosed mental states: it is enough that one party manifests an intention to induce the other's response and to be induced by it and that the other responds in accordance with the inducement. . . . *But it is not enough that the promise induces the conduct*

---

[2] A promise to do something or refrain from doing something is also sufficient consideration. *See Estate of Brown*, 402 S.W.3d at 200.

*of the promisee or that the conduct of the promisee induces the making of the promise; both elements must be present, or there is no bargain. . . .*

Restatement (Second) of Contracts § 71 (emphasis added).

In this case, Plaintiff contends that the right of first refusal was supported by consideration because "[Plaintiff] renewed her lease agreement for the [p]roperty, remained in the [p]roperty paying rent and forewent purchasing another property." For the following reasons, we find that this argument is without merit.

The record indicates that Plaintiff's lease was renewed on several occasions. The lease was first renewed for six months on July 2, 2013, and again on February 4, 2014. However, these renewals occurred prior to the email communications between Plaintiff and Ms. Hill discussing the right of first refusal. It is well established that consideration provided before the parties make their bargain does not establish a contract. *See Bratton*, 136 S.W.3d at 600 (noting that past consideration cannot support a current promise). Thus, since the July 2013 and February 2014 renewals took place prior to the email communications, these renewals cannot provide the requisite consideration.

The lease was again renewed in August 2014. This renewal took place some eight months after the email correspondence between Plaintiff and Ms. Hill; thus, it does not constitute "past consideration." Nevertheless, this renewal cannot serve as consideration for the right of first refusal. Although Plaintiff's renewal of the lease conferred a benefit upon Defendants, there is no indication that this benefit was sought by Defendants in exchange for granting Plaintiff the right of first refusal. Further, there is no evidence that Defendants sought or obtained any consideration from Plaintiff as a condition for granting her "a right of first refusal." To the contrary, the grant of this right was gratuitous. Because the August 2014 lease renewal was not given in exchange for the right of first refusal, it cannot serve as the required consideration for the purported right of refusal.

For the same reason, the fact that Plaintiff "forewent purchasing another property" cannot serve as consideration for the right of first refusal. The email correspondence from Ms. Hill, upon which Plaintiff relies, indicates that there was no expectation on the part of Defendants that Plaintiff would stop searching for another property to purchase in exchange for the right of first refusal. Specifically, Ms. Hill's email states that if Plaintiff "[found] something else [she] wanted to buy, [Ms. Hill] would understand." Thus, it is evident that Plaintiff's forbearance from purchasing another property was also not bargained for at the time of contracting and cannot serve as consideration.

Moreover, the fact that Plaintiff "remained in the [p]roperty paying rent" cannot serve as consideration for the right of first refusal because Plaintiff was already under a legal obligation to remain in the property and pay rent at the time of the agreement. As

discussed above, consideration exists when a party "does something that he or she has *no legal obligation to do.*" *Estate of Brown*, 402 S.W.3d at 200 (emphasis added). However, when a party performs a task, or promises to perform a task, that he or she was already legally bound to perform, such performance does not constitute consideration. *See Givens v. Mulliken ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002) ("[P]erforming what was already promised in [an] original contract is not consideration to support a second contract."). Thus, because Plaintiff was legally obligated to pay rent to Defendants prior to the conversation between Plaintiff and Ms. Hill, the continued payment of such rent cannot constitute valid consideration for the right of first refusal.

For the forgoing reasons, we conclude that the right of first refusal in this case was not supported by adequate consideration. Therefore, Plaintiff never obtained an enforceable right of first refusal. Accordingly, we affirm the trial court's grant of summary judgment in this case.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Delain L. Deatherage.

_____
FRANK G. CLEMENT, JR., JUDGE