IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 13, 2017 Session

## ESTATE OF EVELYN SAMPLE v. LIFE CARE CENTERS OF AMERICA, INC., ET AL.

**Appeal from the Circuit Court for Bradley County**
No. V-15-545     Michael S. Pemberton, Judge Sitting By Interchange

_____

**No. E2017-00687-COA-R3-CV**

_____

The Estate of Evelyn Sample ("the Estate") appeals the March 13, 2017 order of the Circuit Court for Bradley County ("the Trial Court") granting summary judgment to Life Care Centers of America, Inc. and Life Care Center of Cleveland (collectively "Life Care") in this health care liability action.  We find and hold that Life Care made a properly supported motion for summary judgment negating an essential element of the Estate's claim, *i.e.*, causation, and that the Estate failed to produce evidence showing a genuine issue of material fact.  We, therefore, affirm the grant of summary judgment to Life Care.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined.

C. Mark Warren, Chattanooga, Tennessee, for the appellant, Ginger L. Sample, Personal Representative of the Estate of Evelyn Sample.

Alan S. Bean, Nashville, Tennessee, for the appellees, Life Care Centers of America, Inc. and Life Care Center of Cleveland.

# OPINION
## Background

Evelyn Sample ("Deceased") was an eighty-nine year old resident at a nursing home operated by Life Care in Bradley County, Tennessee. In November of 2014, Deceased died. The Estate filed suit for health care liability alleging that, per medical orders, Deceased was not to be left lying flat in bed. The Estate further alleged that on the day of her death, Deceased had been left lying flat in bed causing her to suffocate or aspirate and die.

Life Care filed a motion for summary judgment supported by, among other things, the Estate's response to a request for admissions and the affidavit of Bethany Dragnett, R.N. In its response to the request for admissions, the Estate admitted that Deceased's death certificate "expressly identifies 'ASCVD' [arteriosclerotic cardiovascular disease] as the sole cause of Evelyn Sample's death." The Estate also admitted that Deceased suffered arteriosclerotic cardiovascular disease prior to the date of her death, that Deceased suffered from congestive heart failure prior to the date of her death, that Deceased's death certificate does not mention the word 'aspiration,' and that no autopsy of Deceased was requested. In her affidavit, Nurse Dragnett stated that she cared for Deceased during Deceased's stay at Life Care. Nurse Dragnett further stated she specifically cared for Deceased on the day of Deceased's death, and that in Nurse Dragnett's opinion none of the nurses or certified nursing assistants at Life Care breached the standard of care with regard to the care provided to Deceased.

In response to the motion for summary judgment, the Estate produced an affidavit of Angelia Huff, R.N. and the deposition testimony of Bethany Dragnett, R.N. Nurse Huff's affidavit opined there was a breach in the standard of care by a failure to keep Deceased's bed elevated. In her affidavit, Nurse Huff states: "In my opinion, to [sic] reasonable degree of nursing certainty, failing to keep the bed elevated caused Mrs. Sample to aspirate causing acute respiratory failure and death." During her deposition, Nurse Dragnett testified that she never found Deceased lying flat in bed with the feeding tube on. Nurse Dragnett further testified that she was called to Deceased's room by another employee on the day Deceased died. When she entered the room, Nurse Dragnett found Deceased sitting in a wheelchair not breathing. Nurse Dragnett also testified that she has no idea why Deceased died. Nurse Dragnett stated that Deceased had AFib and had previously had a stroke.

After a hearing on the motion for summary judgment, the Trial Court entered its order on March 13, 2017 granting summary judgment to Life Care after finding and holding that although the Estate had created a genuine issue with regard to whether Life Care breached the standard of care, the Estate had failed to put forth any competent proof

2

with regard to whether the alleged breach proximately caused any injury that otherwise would not have occurred. The Estate appeals the grant of summary judgment.

## Discussion

Although not stated exactly as such, the Estate raises one issue on appeal: whether the Trial Court erred in granting summary judgment to Life Care. As our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

> * * *

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56],"

3

to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

In Tennessee healthcare liability actions are governed by Tenn. Code Ann. § 29-26-115, which provides, in pertinent part:

(a) In a health care liability action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
   (1) The recognized standard of acceptable professional practice in the profession and the speciality thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
   (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
   (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.
(b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession

or speciality which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or speciality in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. . . .

Tenn. Code Ann. § 29-26-115 (2012).

In the case now before us, Life Care made a properly supported motion for summary judgment showing that the alleged breach of failing to keep Deceased's bed elevated did not cause or contribute to Deceased's death or to any other injury which would not otherwise have occurred. The burden then shifted to the Estate to show a genuine disputed issue of material fact with regard to causation. The Estate attempted to satisfy this burden by producing the affidavit of Nurse Huff, which states: "In my opinion, to [sic] reasonable degree of nursing certainty, failing to keep the bed elevated caused Mrs. Sample to aspirate causing acute respiratory failure and death." The Estate produced no other competent evidence with regard to causation.

In its order granting summary judgment to Life Care, the Trial Court correctly found that Nurse Huff was not competent to testify as to the issue of causation. The Trial Court relied upon *Richberger v. The West Clinic, P.C.*, wherein this Court held that in a health care liability action a registered nurse is prohibited from testifying as an expert with regard to causation pursuant to Tenn. Code Ann. § 29-26-115(a)(3) because a registered nurse is prohibited from making a medical diagnosis pursuant to Tenn. Code Ann. § 63-7-103(b). *Richberger v. The West Clinic, P.C.*, 152 S.W.3d 505 (Tenn. Ct. App. 2004).

In its brief on appeal, the Estate argues that "there is no dispute that there was a sign in [Deceased's] room to 'KEEP BED ELEVATED TO 45 DEGREE ANGLE AT ALL TIMES!!!! Per Dr. Bowers,'" and states that Life Care "has overlooked Dr. Bowers' testimony at trial." Our Supreme Court has clearly instructed, however, that:

> summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 265. The Estate argues that it could produce evidence in its favor "at a future trial," but this does not satisfy its burden at the summary judgment stage. *Id.*

5

Life Care made a properly supported motion for summary judgment negating an essential element of the Estate's claim, *i.e.*, causation. The Estate failed to produce evidence demonstrating "the existence of specific facts in the record which could lead a rational trier of fact to find in favor of [the Estate]." *Rye*, 477 S.W.3d at 265. We, therefore, affirm the grant of summary judgment to Life Care.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Ginger L. Sample, Personal Representative of the Estate of Evelyn Sample, and her surety.

_____
D. MICHAEL SWINEY, CHIEF JUDGE