FILED

05/23/2017

Clerk of the
Appellate Courts



# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 26, 2017 Session

## WILLIAM DALE ALSUP v. DAVID C. ALSUP

**Appeal from the Chancery Court for Henry County**
**No. 22941     Carma Dennis McGee, Chancellor**

_____

### No. W2016-00925-COA-R3-CV

_____

This is a declaratory judgment case. Decedent, mother to the parties, died testate, leaving a holographic will that divided her real property between her two sons, David Alsup/Appellant and William Alsup/Appellee. The probate court admitted the will to probate. Following completion of the probate proceeding, William obtained a survey dividing the property as provided for in Decedent's will. David refused to accept the survey procured by William, and William then filed this action to quiet title and for ejectment. David filed an answer but did not file a counterclaim or a countervailing survey. William moved for summary judgment, which the trial court granted. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and BRANDON O. GIBSON, JJ., joined.

David C. Alsup, Buchanan, Tennessee, Appellant, *Pro Se.*

William Dale Alsup, Paris, Tennessee, Appellee, *Pro Se.*[1]

### MEMORANDUM OPINION[2]

---

[1] Appellee did not file a brief or otherwise participate in this appeal.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum

# I. Background

On December 20, 2005, Helen Alsup ("Decedent") died testate. On November 13, 2002, Decedent executed a holographic will, which provided that Decedent's real property, which is located in Henry County, Tennessee (the "Property"), would be divided into two tracts, with one tract given to each of her two sons, David Alsup ("Appellant") and William Alsup ("Appellee"). Decedent's holographic will devised the Property to David and William as follows:

> [First,] William D. Alsup to receive the first 150 feet from Wm. D. Alsup property (Johnson's) Hwy 79N frontage and then to back property line with side line straight to back where Davids (sic.) begins.

> [Second,] David C. Alsup to receive 262 ft[.] Hwy 79 N. frontage and then to side & back line. [Third,] [a]proximately (sic.) [a]t 412 ft. Hwy 79 N. frontage total both property to include any building on their part of land. Any property cost divided equally or individually on their part.

On August 2, 2011, the probate court admitted Decedent's will to probate. The probate court ordered, in relevant part:

> [T]he hand[]written document dated 13 November, 2002 submitted to the [c]ourt is a valid [h]olographic [w]ill and is the last will and testament of Ms. Helen M. Alsup and shall be entered into the [p]robate records as the last will and testament of Ms. Helen M. Alsup….

> [T]he [h]olographic will of Ms. Helen M. Alsup shall be entered for muniment of title to the real property owned by Ms. Helen M. Alsup at the time of her death….

Neither party appealed the probate court's order. In an effort to divide the Property pursuant to the probate court's ruling, on January 12, 2015, William procured a survey of the Property. The survey divided the Property into two tracts: (1) a 0.840 acre-tract, with 150 feet of frontage along Highway 79 North; this parcel contained a house, barn, and shed; (2) a 0.662-acre tract, with 262 feet of frontage along Highway 79 North, with no improvements.

On February 25, 2015, William, who was represented by counsel, filed a declaratory judgment action against David in the Chancery Court for Henry County

opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("trial court"). Specifically, William asked the trial court to declare that his survey was consistent with Decedent's holographic will and to vest title in each brother for his respective parcel, *i.e.*, William would receive the 0.840-acre parcel, and David would receive the 0.662-acre parcel. On April 8, 2015, David, acting *pro se*, filed an answer to William's complaint, denying that the survey comported with Decedent's will. David did not proffer a separate survey, but averred that he should receive the larger parcel, with the improvements, as set out in the survey that William provided. David further alleged that he had filed a notice of claim of rights and undivided interest in real property due to "[William]'s willful breach of contract and failure to contract in good faith about the said property." David did not file a counter-complaint for breach of contract, nor did he attach a copy of the referenced contract to his answer.

On July 31, 2015, William moved for summary judgment, on the grounds that the probate court had determined that Decedent's will was valid and the survey he procured comported with the will. On October 5, 2015, David filed a response to the motion for summary judgment, stating there was a "contract of August 18, 2012[,] agreed to and signed by the parties… where[in] [William] admits that… the property... [is] the property of [David]." On October 28, 2015, David amended his response to the motion for summary judgment and attached a document titled "Agreement for the Sale and Exchange of Real Property," which is dated August 18, 2012.

On November 19, 2015, the trial court heard William's motion for summary judgment. On February 12, 2016, the trial court entered an order granting the motion for summary judgment, stating:

> On May 11, 2011, [Decedent's] Last Will and Testament was entered for muniment of title to said real property by Order of the Probate Court of Henry County, Tennessee.
>
> * * *
>
> Said Order of May 11, 2011, which was entered on August 2, 2011, further directed that [David] would have forty-eight (48) hours beginning May 17, 2011, at 1:00 p.m. to remove any personal property that he might own from the property devised to [William] by the Last Will and Testament of Ms. Alsup. No appeal was taken from said Order of the Probate Court and no proceedings were instituted to contest said Last Will and Testament. Pursuant to the Last Will and Testament, [William] caused said property to be surveyed and filed a copy of said proposed survey…. [David] has refused to recognize the boundaries of said survey and the division of said land. However, [David] has not provided any proposed alternative survey of the property, but has stated that he does not agree with the survey.

* * *

[David] has admitted that he filed a Notice of Claim of Rights and Undivided Interest in Real Property which has created a cloud on the title to [William]'s property which he inherited under the terms of said Last Will and Testament. However, this is on a separate tract of real property which allegedly was owned by the parties' father at the time of his death and is not a part of these proceedings. Although referenced by [William] in Item 21 of his complaint, there is no proof that this document is in any way related to the subject property.

Based upon these findings, the [trial court] finds as a matter of law that there are no genuine issues of material fact which exist in this matter. As to the location of the parties' boundary line, [David] has failed to provide any proposed alternative survey of the property. Therefore, the Court finds that there is no genuine issue of material fact as to the location of said line.

* * *

The [trial court] finds that [William] is entitled to summary judgment on the Declaratory Judgment and Quiet Title portions of [Wiliam's] claim. The [trial court] finds that quiet title shall be vested in [William] as to the 0.840 acres which []is reflected on the survey filed for record…. The [trial court] further finds that [William] is entitled to summary judgment on the Ejectment portion of [William's] claim. The [trial court] finds that [William] has lawful possession of the tract of land and, based upon the above finding, [William] is entitled to summary judgment on this portion of his claim. [David] shall have forty-eight (48) hours from the entry of the Order to remove all of his personal property from the said 0.840 acre tract. At the conclusion of said forty-eight (48) hour period, pursuant to Tennessee Code Annotated § 29-15-114, a Writ of Possession shall enter directing the Sheriff of Henry County, Tennessee, to place [William] in possession of said 0.840 acre tract.

On February 16, 2016, the trial court issued a writ of possession to William for the 0.840 acre tract. David appeals.

## II. Issues

The sole issue in this appeal is whether the trial court erred in granting Appellee's

motion for summary judgment.[3]

## III.  Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Tenn. R. Civ. P. 56.04.  We review a trial court's ruling on a motion for summary judgment *de novo*, without a presumption of correctness.  ***Rye v. Women's Care Center of Memphis, MPLLC***, 477 S.W.3d 235, 250 (Tenn. 2015) (citing ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997)).  "In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."  ***Id.*** (citing ***Estate of Brown***, 402 S.W.3d 193, 198 (Tenn. 2013)).

Before turning to the issue, we note that Appellant is self-represented in this appeal.  However, "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere."  ***Brown v. Christian Bros. Univ.***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014).  As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts.  The courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system.  However, the courts must also be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary.  Thus, the courts must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (internal citations omitted).

## IV.  Analysis

Appellant argues that the trial court failed to consider a purported August 18, 2012 contract, which the parties allegedly executed after the probate court's ruling.  In David's answer to the complaint, he avers that he "filed a notice of claim of rights and undivided

---

[3] Appellant attempts to raise issues concerning criminal statutes and claims of fraud against Appellee.  From our review of the record, Appellant did not raise these arguments in the trial court.  Issues not raised in the trial court may not be raised for the first time on appeal.  ***Taylor v. Beard***, 104 S.W.3d 507, 511 (Tenn. 2003).  Accordingly, these issues are waived.

interest in real property to secure his interest in the noted property after [William's] willful breach of contract and failure to contract in good faith about the said property." Although we interpret David's answer liberally, we cannot conclude that the answer makes out a counterclaim sufficient to put William on notice of a breach of contract claim. *See* Tenn. R. Civ. P. 8.01 (requiring a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief"); ***Rampy v. ICI Acrylics, Inc.***, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994) (stating, "[i]t is inappropriate for the court to create a claim where none exists."). Furthermore, David did not attach a copy of the alleged contract to his answer. Tenn. R. Civ. P. 10.03 ("Whenever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit…."). In fact, David first attached the purported contract of August 18, 2012 to an October 28, 2015 filing, titled "[Appellant's] Amended Response to [Appellee's] So Called Statement of Undisputed Material Facts in Support of the Plaintiff's Motion for Summary Judgment." However, David did not provide any explanation to the trial court as to the alleged relevance of the document; instead, he stated that he "file[d] a Notice of Claim of Rights and Undivided Interest in Real Property to secure his interests in an entirely different property out in Buchanan, Tennessee[,] which was part of the aforesaid agreement of August 18, 2012[,]…." In other words, David has not averred facts sufficient to make out a claim for breach of contract. In the absence of a breach of contract claim, the facts are not in dispute, and the summary judgment issue rests solely on the legal determination of whether the survey proffered by William comports with the probate court's uncontested order concerning the division of the Property between the parties. We now turn to address this question.

> As to Decedent's estate, the probate court held:

> [T]he hand[]written document dated 13 November, 2002 submitted to the [c]ourt is a valid [h]olographic [w]ill and is the last will and testament of Ms. Helen M. Alsup and shall be entered into the [p]robate records as the last will and testament of Ms. Helen M. Alsup….

Again, neither party appealed this ruling, and the Property should be divided in compliance with the probate court's order and Decedent's will. The Decedent's will provides:

> [First,] William D. Alsup to receive the first 150 feet from Wm. D. Alsup property (Johnson's) Hwy 79N frontage and then to back property line with side line straight to back where Davids (sic.) begins.

> [Second,] David C. Alsup to receive 262 ft[.] Hwy 79 N. frontage and then to side & back line. [Third,] [a]proximately (sic.) [a]t 412 ft. Hwy 79 N. frontage total both property to include any building on their part of land.

Any property cost divided equally or individually on their part.

William's survey divides the Property, allocating a 0.840-acre parcel to William, and a 0.662-acre parcel to David. As set out in Decedent's will, the survey shows a boundary between the two parcels perpendicular to the rear boundary of the property, with William receiving 150 feet of frontage along Highway 79 North and David receiving 262 feet of frontage along Highway 79 North. From our review of the survey adopted by the trial court, it comports with the probate court's division of Decedent's Property, in accordance with her will.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, David C. Alsup and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE