FILED

02/21/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 9, 2018 Session

## DAVID JONES v. MORTGAGE MENDERS, LLC, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 17C374      Thomas W. Brothers, Judge**

_____

### No. M2017-01452-COA-R3-CV

_____

This appeal concerns an effort to re-assert causes of action under the Savings Statute. In July 2006, David Jones ("Plaintiff") filed an action in the Circuit Court for Davidson County ("the Trial Court"). On February 12, 2016, Plaintiff took a voluntary non-suit. On February 2, 2017, Plaintiff filed a purported complaint ("the February 2 Document") attempting to re-assert his original claims, which featured his typewritten name rather than his handwritten signature. Victor Hazelwood and Advantage Title & Escrow, Inc. ("Defendants") filed a motion for summary judgment, which the Trial Court granted. Plaintiff appealed. We hold that Plaintiff's typewritten name qualified as his signature and that his filing, while quite deficient as a piece of legal writing, was not so deficient as to render it not a complaint in the first place. We reverse the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Daniel J. Turklay, Nashville, Tennessee, for the appellant, David Jones.

Todd E. Panther, Nashville, Tennessee, for the appellees, Victor Hazelwood and Advantage Title & Escrow, Inc.

# MEMORANDUM OPINION[1]

## Background

This case was initiated in 2006. Plaintiff was involved in a dispute regarding the sale of real property, the details of which are not germane to the issues on appeal and about which the parties spend very little time discussing. On February 12, 2016, the Trial Court entered an order of voluntary non-suit with respect to that action. In February of the following year, Plaintiff filed the February 2 Document pro se. This document was headed "Complaint" and had listed on it the Davidson County Circuit Court docket number for the suit dismissed on February 12, 2016. The February 2 Document stated the following:

Motion To Proceed Pro Sa

Plantiff David A. Jones comes by and through his attorney for motion to proceed pro sa. Also Plantiff David A. Jones files a motion and plea for permission to proceed with "In Forma Pauperis Status. This court has jurisdiction over The parties and subject matter arising herein And the venue is proper.

Facts Of The Case

David A. Jones formerly represented by Atty. James A. Roberts now ask the court for permission to represent himself until he can find a licensed Tennessee Attorney. Since The filling of The voluntary nonsuit by attorney JAMES ROBERTS Mr. Roberts law license has been suspended and he and Mr. Jones have had other differences as well. Mr. Jones decided to change attorneys and the other three attorneys that told MR. [J]ones they would represent him have all declined to Represent him as well.

Wherefore, The Plantiff David A. Jones prays that his motion be granted for The right to represent Himself until he can find a licensed Tennessee attorney. Also Mr.Jones ask that THE defendants Mortgage Menders and Advantage Title and Mortgage be ordered to pay 196000,00 in punitive damages and 1000000.00 In compensatory damages including all

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

reasonable attorneys fees and for All other relief which the court deems equitable and just.

Respctfully submitted

David A.Jones . . . .

(Mistakes in Original). On February 7, 2017, the Trial Court clerk sent Plaintiff a letter drawing attention to alleged deficiencies in the February 2 Document. In particular, the clerk informed Plaintiff that he needed to sign the document. Plaintiff subsequently signed a certificate of service and, on February 13, re-filed that page by facsimile transmission. On March 1, 2017, Plaintiff, now represented by counsel, filed an amended complaint.

In April 2017, Defendants filed a motion for summary judgment. This motion was heard by the Trial Court in May 2017. In June 2017, the Trial Court entered its final order in which it granted Defendants' motion for summary judgment. The Trial Court stated, in relevant part:

> The Court finds that the February 13 Pleading is not a complaint under Rules 3 and 8.01. The February 13 Pleading does not include any allegations of fact to articulate a claim for relief against the defendants . . . .
>
> ***
>
> The Court also concludes that the February 13 Pleading did not commence an action because it lacks a signature pursuant to Tenn. R. Civ. P. 11.01. Rule 11.01 requires every pleading to be signed by one attorney of record or, if the party is not represented by an attorney, the pleading shall be signed by the party. Rule 11.01 also provides that "an unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." In this case, the Clerk expressly notified Jones that the February 2 Pleading was deficient for lack of a signature, yet Jones did not sign the February 13 Pleading.
> While Jones signed the certificate of service on the February 13 Pleading, the Court concludes that Jones's signature on the certificate of service cannot serve as Jones's signature on the pleading itself. The Court also concludes that Jones's typed name on the February 13 Pleading does not satisfy the signature requirement under Rule 11. The absence of a manual signature on the February 13 Pleading flies in the face of the requirements of Rule 11. Without a manual signature on the pleading,

Jones could avoid responsibility for the allegations in the February 13 Pleading that Rule 11 is designed to ensure. For example, with no more than a signed certificate of service and a typed name on the February 13 Pleading, Jones could avoid Rule 11 sanctions by claiming he never signed the pleading itself. Because the February 13 Pleading was not signed, it was a nullity. Therefore, the February 13 Pleading did not commence an action. The first pleading to commence an action in this case was the March 1 Pleading.

Plaintiff timely appealed to this Court.

## Discussion

We consolidate Plaintiff's issues into one dispositive issue: whether the Trial Court erred in dismissing Plaintiff's complaint on the basis that it lacked a handwritten signature and, indeed, that it was not a complaint at all. The Trial Court's dismissal, therefore, was based on the applicable statutes of limitation and was not a dismissal for failure to state a claim.

This case was resolved by means of summary judgment. As our Supreme Court has instructed regarding appellate review of a trial court's ruling on a motion for summary judgment:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

\* \* \*

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the

nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id*. When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

Tenn. R. Civ. P. 11.01(a) states regarding the signature requirement as follows:

Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, and Tennessee Board of Professional Responsibility number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

In the present case, Plaintiff did not sign the February 2 Document by hand. However, the February 2 Document did not include a blank signature line. Plaintiff's typed name was situated in such a way and location as being where a handwritten signature would be placed. This is not a situation involving a blank signature line with a plaintiff's name or his attorney's name typed under the blank signature line. In our judgment, Plaintiff's typewritten name clearly was meant by him to constitute his signature, and qualified as such. Respectfully, we disagree with the Trial Court's concerns as to Plaintiff's Rule 11 responsibilities. As his typed name qualifies as his signature, Rule 11 applies to him the same as if his signature was handwritten.

With respect to whether the February 2 Document even was a complaint, we hold that it was. Defendants' position as adopted by the Trial Court would mean essentially that every complaint dismissed for failure to state a claim never was a complaint in the first place. We do not believe that our Rules of Civil Procedure either intend or even contemplate that outcome. Plaintiff's February 2 Document clearly is deficient as a piece of legal writing. However, the February 2 Document referenced the original action and case number. Defendants were put on notice as to what Plaintiff was trying, however inartfully, to do. For these reasons, the February 2 Document was a complaint timely filed under the savings statute.[2]

We take no position on the merits of Plaintiff's claims. We hold only that the Trial Court erred in dismissing Plaintiff's action on the erroneous basis that it neither was signed nor even was a complaint at all. We reverse the judgment of the Trial Court granting summary judgment to Defendants, and remand for this case to proceed in the Trial Court.

---

[2] Prior to any motion to dismiss for failure to state a claim being filed, on March 1, 2017, Plaintiff, by then represented by counsel, filed a much more substantive amended complaint.

## Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for collection of the costs below and for further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellees, Victor Hazelwood and Advantage Title & Escrow, Inc.


_____
D. MICHAEL SWINEY, CHIEF JUDGE