IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 14, 2020 Session

## REGINALD M. YOUNGER v. KIBREAB KIDANE OKBAHHANES

**Appeal from the Circuit Court for Roane County**
**No. 2019-CV-142    Michael S. Pemberton, Judge**

_____

**No. E2020-00429-COA-R10-CV**
_____

This appeal arises from a personal injury action.  The plaintiff filed this action more than one year after the vehicle collision from which the cause of action accrued.  The defendant filed a motion for summary judgment, arguing that the plaintiff's action was untimely.  The plaintiff filed a response arguing that the statute of limitations for personal injury actions was extended to two years, pursuant to Tennessee Code Annotated § 28-3-104(a)(2), due to the traffic citation issued to the defendant for failure to exercise due care in violation of section 55-8-136 as a result of the vehicle collision.  The Trial Court found that section 28-3-104(a)(2) was applicable to extend the statute of limitations to two years because the defendant had been charged with a criminal offense and a criminal prosecution had been commenced against him.  Discerning no error, we affirm.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

Sean W. Martin and Michael J. Petherick, Chattanooga, Tennessee, for the appellant, Kibreab Kidane Okbahhanes.

John W. Chandler, Jr., and Patrick A. Cruise, Chattanooga, Tennessee, for the appellee, Reginald M. Younger.

# OPINION

## Background

Reginald M. Younger ("Plaintiff") and Kibreab Kidane Okbahhanes ("Defendant") were involved in a traffic collision in September 2017, in Roane County, Tennessee. Following the collision, a state trooper issued a traffic citation to Defendant pursuant to Tennessee Code Annotated § 55-10-207. The traffic citation listed the following as alleged offenses committed by Defendant: (1) failure to exercise due care, pursuant to Tennessee Code Annotated § 55-8-136; (2) violation of financial responsibility law, pursuant to section 55-12-139; and (3) failure to carry registration documents, pursuant to section 55-4-108. Defendant signed the traffic citation issued to him. According to the Roane County General Sessions Court records, the issued traffic citation was filed with the court in October 2017. The traffic citation commanded Defendant to appear before the Roane County General Sessions Court in November 2017. However, Defendant paid a fine with the Roane County General Sessions Court in October 2017 for his violation of Tennessee Code Annotated § 55-8-136, which requires a driver to exercise due care. The remaining offenses were dismissed in November 2017.

In April 2019, Plaintiff filed an action against Defendant in the Davidson County Circuit Court.[1] Plaintiff alleged that he had been injured as a direct result of Defendant's negligent acts, omissions, and conduct. According to the complaint, "Defendant was charged criminally for his conduct in causing the wreck" and had pled guilty to failure to exercise due care. The complaint alleged that this action was timely, pursuant to Tennessee Code Annotated § 28-3-104(a)(2). The case was briefly removed to federal district court before being remanded to the circuit court. Upon remand, the parties agreed to transfer the case to the Roane County Circuit Court ("Trial Court"), where they agreed venue was proper.

Defendant subsequently filed an answer denying the allegations against him and pleading as one of his defenses that the action was time barred. Defendant filed a motion for summary judgment arguing that the action was barred by the statute of limitations. Defendant averred that the one-year statute of limitations applicable to personal injury actions, located at Tennessee Code Annotated § 28-3-104(a)(1)(A), applied. According to Defendant, subsection (2) did not apply "because no '[c]riminal charges' were ever brought against [Defendant], nor was any 'criminal prosecution' commenced against him."

Plaintiff filed a brief in opposition to Defendant's motion for summary judgment and a response to Defendant's statement of undisputed facts. Plaintiff argues that the

---

[1] Although Plaintiff initially named two other defendants, Teddy's Trucking, LLC, and M and K Logistic, LLC, they were dismissed as parties to the action.

violations on Defendant's citation were classified as misdemeanors and considered criminal charges. According to Plaintiff, our General Assembly could have limited the scope of section 28-3-104(a)(2) to exclude traffic violations but did not do so.

The Trial Court considered the summary judgment motion and the response thereto and denied Defendant's motion for summary judgment. In its February 2020 order denying Defendant's summary judgment motion, the Trial Court found that the traffic citation issued to Defendant for failure to use due care was related to the conduct or occurrence that gave rise to the cause of action; that a citation for failure to exercise due care is a criminal charge; that the traffic citation issued to Defendant was a sufficient "charging document" to commence a prosecution; and that Plaintiff was the individual allegedly injured by Defendant's criminal conduct. Accordingly, the Trial Court found that Plaintiff was permitted to utilize the two-year statute of limitations as set forth in Tennessee Code Annotated § 28-3-104(a)(2).

Pursuant to Tennessee Rule of Appellate Procedure 9, Defendant filed a motion for permission to file an interlocutory appeal with this Court, which was denied by the Trial Court. Defendant subsequently filed an application with this Court for an extraordinary appeal, pursuant to Tennessee Rule of Appellate Procedure 10. This Court granted Defendant's application by order entered in June 2020.

## **Discussion**

In this Rule 10 appeal, this Court entered an order granting Defendant's application in order to decide the sole issue of whether the Trial Court erred in denying Defendant's summary judgment motion, upon its finding that Tennessee Code Annotated § 28-3-104(a)(2) was applicable to extend the statute of limitations for personal injury actions to two years due to Defendant's traffic citation for failure to exercise due care in violation of Tennessee Code Annotated § 55-8-136. Concerning motions for summary judgment, our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

\* \* \*

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

This issue requires us to construe Tennessee Code Annotated § 28-3-104(a)(2). As our Supreme Court has instructed:

> Issues of statutory construction present questions of law that we review de novo with no presumption of correctness. *Martin v. Powers*, 505 S.W.3d 512, 518 (Tenn. 2016). The primary goal of statutory interpretation is to carry out legislative intent without expanding or restricting the intended scope of the statute. *State v. Smith*, 484 S.W.3d 393, 403 (Tenn. 2016) (citations omitted). In determining legislative intent, we first must look to the text of the statute and give the words of the statute "their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012) (citations omitted). When a statute's language is clear and unambiguous, we enforce the statute as written; we need not consider other sources of information. *Frazier v. State*, 495 S.W.3d 246, 249 (Tenn. 2016). We apply the plain meaning of a statute's words in normal and accepted usage without a forced interpretation. *Baker v. State*, 417 S.W.3d 428, 433 (Tenn. 2013). We do not alter or amend statutes or substitute our policy judgment for that of the Legislature. *Armbrister v. Armbrister*, 414 S.W.3d 685, 704 (Tenn. 2013).

*Coleman v. Olson*, 551 S.W.3d 686, 693 (Tenn. 2018).

Plaintiff and Defendant were involved in a traffic collision in September 2017. Plaintiff subsequently filed this action in April 2019, more than one year after the cause of action accrued. Defendant filed a motion seeking summary judgment pursuant to Tennessee Rule of Civil Procedure 56, arguing that Plaintiff's action had violated the relevant statute of limitations for personal injury actions. The Trial Court denied Defendant's motion for summary judgment, concluding that Plaintiff's action was timely, in part, because Defendant had been charged with a criminal offense and a criminal prosecution had been initiated against him related to his conduct that gave rise to the present cause of action. Relying on these conclusions, the Trial Court determined that the statute of limitations was extended from one to two years, pursuant to Tennessee Code Annotated § 28-3-104(a)(2). Defendant argues on appeal that the Trial Court erred in ruling that Tennessee Code Annotated § 28-3-104(a)(2) is applicable to this action.

Tennessee Code Annotated § 28-3-104(a)(1) (2017) provides that personal injury actions shall be subject to a one-year statute of limitations except as provided in subsection (2), which states as follows:

> A cause of action listed in subdivision (a)(1) shall be commenced within two (2) years after the cause of action accrued, if:

(A) Criminal charges are brought against any person alleged to have caused or contributed to the injury;

(B) The conduct, transaction, or occurrence that gives rise to the cause of action for civil damages is the subject of a criminal prosecution commenced within one (1) year by:
    (i) A law enforcement officer;
    (ii) A district attorney general; or
    (iii) A grand jury; and

(C) The cause of action is brought by the person injured by the criminal conduct against the party prosecuted for such conduct.

Whether Tennessee Code Annotated § 28-3-104(a)(2) is applicable to traffic citations is a matter of first impression in Tennessee. We hold that the language of Tennessee Code Annotated § 28-3-104(a)(2) is clear and unambiguous. In relevant part, the statute requires that "[c]riminal charges" be brought against the defendant and that a "criminal prosecution" be commenced by a law enforcement officer, a district attorney general, or a grand jury within one year of the defendant's conduct. *See* Tenn. Code Ann. § 28-3-104(a)(2) (2017). As the statute is clear and unambiguous, we apply its plain meaning. *See Coleman v. Olson*, 551 S.W.3d at 693.

In this case, Defendant was issued a traffic citation for failure to exercise due care, in violation of Tennessee Code Annotated § 55-8-136. The issue on appeal is whether a traffic citation for failure to exercise due care is considered a criminal charge as provided in Tennessee Code Annotated § 28-3-104(a)(2)(A) and a criminal prosecution as provided in subsection (B). Pursuant to Tennessee statutory law, a violation of Tennessee Code Annotated § 55-8-136, (i.e. the failure to exercise due care), is a Class C misdemeanor. Tennessee Code Annotated § 40-35-111(e)(3) provides that a Class C misdemeanor may be punishable by up to thirty days incarceration and a fine of up to $50.

On appeal, Defendant argues that "[t]he application of common sense dictates that the issuance of a traffic ticket to and payment of a fine by [Defendant] did not constitute the bringing of '[c]riminal charges' and a 'criminal prosecution' within the meaning of *Tenn. Code Ann.* § 28-3-104(a)(2)" and that the aforementioned terms are "almost exclusively used to describe formal prosecutions commenced with charging instruments, such as complaints, indictments, and warrants." Although Defendant acknowledges in his reply brief that "a violation of *Tenn. Code Ann.* § 55-8-136 may constitute a criminal offense," he argues on appeal that a traffic citation is not a legally adequate charging instrument and that being issued a traffic citation and paying a fine is not a criminal charge or a criminal prosecution.

Although a traffic offense, Tennessee law is clear that a violation of Tennessee Code Annotated § 55-8-136 for failure to exercise due care is a Class C misdemeanor and, therefore, a criminal offense. However, traffic offenses are treated differently than more serious criminal offenses. *See* Tenn. Code Ann. § 55-10-207 (2020). Tennessee Code Annotated § 55-10-207(b)(1) requires an arresting officer for minor traffic violations to issue the individual a traffic citation in lieu of arrest, unless otherwise provided by subsection (h). Subsection (h) excludes certain traffic violations from the applicability of Tennessee Code Annotated § 55-10-207, including the offense of driving under the influence of intoxicating liquor or narcotic drugs. Furthermore, subsection (b)(2) allows a police officer to issue traffic citations to drivers at the scene of a traffic accident "when, based on personal investigation, the officer has reasonable and probable grounds to believe" that the individual has committed such traffic offense. According to Tennessee Code Annotated § 55-10-207(d), when a traffic citation has been prepared, accepted, and the original citation delivered to the court, that original citation "shall constitute a complaint to which the person cited must answer and ***the officer issuing the citation shall not be required to file any other affidavit of complaint with the court*** (emphasis added)."

Returning to the present case, Defendant's traffic citation for failure to exercise due care in violation of Tennessee Code Annotated § 55-8-136, a Class C misdemeanor, was prepared and accepted, and the original copy of the citation was delivered to the court. At that point, Defendant was required to answer the citation, and the law enforcement officer was not required to file any other affidavit of complaint with the court. *See* Tenn. Code Ann. § 55-10-207(d) (2020).

Defendant filed his supplemental authority after the briefing process was completed that cites to the case of *State v. McCloud*, 310 S.W.3d 851, 860 (Tenn. Crim. App. 2009) for the premise that a citation in lieu of arrest is not a "formal accusation." However, the criminal offense at issue in *McCloud* was a charge for driving under the influence, which Tennessee Code Annotated § 55-10-207(h) specifically excludes from the applicability of section 55-10-207. Therefore, subsection (d), which provides that an officer is not required to file any other affidavit of complaint, is not applicable to a driving under the influence charge. As such, *McCloud* is distinguishable from the present case where Tennessee Code Annotated § 55-10-207 is applicable. In fact, the Tennessee Court of Criminal Appeals previously cited to Tennessee Code Annotated § 55-10-207(d) and held that a traffic citation issued for a seatbelt violation had "dispensed with the warrant requirement" of section 55-10-305 and was sufficient by itself as an affidavit of complaint such that the trial court was not required to proceed upon a separate warrant. *See State v. Ferrell*, No. M2016-01157-CCA-R3-CD, 2017 WL 111305, at *2 (Tenn. Crim. App. Jan. 11, 2017) *perm. app. denied* (Tenn. Apr. 12, 2017). Although section 55-10-305 was not at issue in this case, we find the Court of Criminal Appeals reasoning to be persuasive.

The language of the statute is clear and unambiguous, and, therefore, we must enforce the statute as written. We must give effect to each word that the General Assembly

included when enacting a statute. In this case, the General Assembly specifically included that a criminal prosecution may be commenced by a law enforcement officer. Following the preparation, acceptance, and delivery of the original citation to the court, the individual charged with the traffic violation was required to answer the citation, and there was nothing further the police officer was required to file in order to commence the prosecution for such criminal offense. If our General Assembly intended to exclude traffic citations from the application of Tennessee Code Annotated § 28-3-104(a)(2) for policy reasons, it easily could have done so. It did not do so. It is not the role of this Court to rewrite the statute.

We hold that the traffic citation issued to Defendant for failure to exercise due care, which had been prepared, accepted, and the original citation filed with the court, is a criminal charge and a criminal prosecution by a law enforcement officer, such that Tennessee Code Annotated § 28-3-104(a)(2) is applicable to extend the statute of limitations in this action to two years. We, therefore, affirm the Trial Court's judgment denying Defendant's summary judgment motion. Our holding that the issuance of a traffic citation for failure to exercise due care satisfies the statutory requirement of a criminal charge and commencement of a criminal prosecution by a law enforcement officer is limited to our interpretation of Tennessee Code Annotated § 28-3-104(a)(2) and has no effect on any criminal statute or procedure.

## Conclusion

The judgment of the Trial Court denying Defendant's motion for summary judgment is affirmed. This cause is remanded to the Trial Court for further proceedings consistent with this Opinion. The costs on appeal are assessed against the appellant, Kibreab Kidane Okbahhanes.

_____
D. MICHAEL SWINEY, CHIEF JUDGE