# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 31, 2022 Session

## LAWRENCE SIMONETTI ET AL. v. THOMAS FRANK MCCORMICK ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 19C1362, 19C1686     Joseph P. Binkley, Jr., Judge**

_____

### No. M2021-00754-COA-R3-CV

_____

This appeal arises from the denial of a motion to compel arbitration in a construction dispute involving the purchase of a newly constructed townhome in Nashville. The plaintiffs brought suit in the Davidson County Circuit Court, asserting claims of promissory fraud, breach of contract, and breach of implied warranty, while also attempting to pierce the corporate veil of one of the involved companies. The defendants filed motions to dismiss and/or compel arbitration, contending that the contract between the parties required the matter to be resolved via arbitration. The trial court denied the motions in an order finding that the arbitration clause relied upon by the defendants was part of a warranty that was not included in the initial contract and to which the plaintiffs had not agreed. Discerning no error, we affirm the trial court's denial of the motions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Benjamin E. Goldammer and Christopher B. Fowler, Nashville, Tennessee, for the appellants, Akbar K. Arab, Shaun Haggerty, Thomas Frank McCormick, John P. McCormick, TNG Contractors, LLC, Harry Bonnaire, and Dwell Investment Group, LLC.

Michael G. Hoskins, Nashville, Tennessee, for the appellees, Gloria Simonetti and Lawrence Simonetti.

# OPINION

## BACKGROUND AND PROCEDURAL HISTORY

This matter arises out of Lawrence and Gloria Simonetti's purchase of a newly constructed townhome in Nashville. On June 30, 2017, the Simonettis, who are California residents, signed a "Purchase and Sale Agreement" ("Agreement") with developer Dwell Investment Group, LLC ("Dwell Investment"), to purchase Unit 12C of the Dwell Lofts, a planned unit development for which TNG Contractors, LLC ("TNG") had served as the contractor. At the time of signing, the property was still under construction. The transaction officially closed on July 28, 2017, although construction of the townhome was not completed until January 2018. According to the Simonettis, Dwell Investment had previously promised that, upon completion, the townhome would be covered under a new construction warranty, and that they had "nothing to worry about." The Agreement, however, did not reference or attach a written warranty covering the townhome, nor did it contain an arbitration provision.

On January 8, 2018, upon inspecting the townhome, the Simonettis discovered numerous construction defects and reported them to Dwell Investment. However, the Simonettis maintain that, on January 9, 2018, Dwell Investment denied responsibility to make the requested repairs and instead informed the Simonettis that their warranty lied with the contractor, TNG, which was a separate company that was not a party to the Agreement. In March of 2018, the Simonettis alleged that they found more substantial defects and notified TNG as they were instructed. On April 26, 2018, TNG sent an email to all of the new homebuyers, including the Simonettis, containing a document titled "Home Warranty" ("Warranty"). This Warranty "ensured the quality of workmanship and material" and purported to be provided by Dwell Townhomes,[1] a third purported LLC, also not a party to the prior Agreement. The Warranty included an arbitration clause, which read as follows:

> ARBITRATION. Any and all claims, disputes and controversies by or between the owner and DWELL arising from or related to this Agreement, the Warranty, or the subject Home, shall be settled by binding arbitration. Agreeing to arbitration means Owner is giving up Owner's right to a jury trial. Any person in contractual privity with DWELL whom the Home owner contends is responsible for any construction defect in the Home shall be entitled to enforce this arbitration agreement. Any party shall be entitled to recover reasonable attorney's fees and costs incurred in enforcing this arbitration agreement. The decision of the arbitrator shall be final and

---

[1] As we will discuss in more detail later in this Opinion, Dwell Townhomes, LLC was a nonexistent entity. Based on a review of the record and the briefs on appeal, it appears that this fact is not in dispute among the parties.

binding and may be entered as a judgment in any State or Federal court of competent jurisdiction.

The arbitration shall be conducted by the American Arbitration Association pursuant to its Home Construction Arbitration Rules and Mediation Procedures. The choice of arbitration service shall be that of of[sic] Dwell, if applicable. The arbitration shall be conducted pursuant to the applicable rules of the arbitration service selected unless noted otherwise. All administrative fees of the arbitration service and fees of the arbitrator shall be allocated to the parties as provided in the rules of the arbitration service, subject to the discretion of the arbitrator to reallocate such fees in the interests of justice. If for any reason this method of selecting an arbitration service cannot be followed, the parties to the arbitration shall mutually select an arbitration service.

The parties expressly agree that this Warranty and this arbitration agreement involve and concern interstate commerce and are governed by the provisions of the Federal Arbitration Act (9 U.S.C. § 1 et seq.) now in effect and as the same may from time to time be amended, to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule.

Pertinent to this appeal, it should be noted that this Warranty was not negotiated by any of the parties, nor were there any signatures from either the Simonettis or any of the defendants.

On June 7, 2019, the Simonettis filed a complaint in the Circuit Court for Davidson County. In their suit, they alleged negligent construction, breach of express and implied warranties, and promissory fraud against Dwell Investment, Dwell Townhomes, Thomas McCormick, and TNG.[2] Following discovery, the complaint was later amended to name Akbar K. Arab, Harry Bonnaire, M.D., Shaun Haggerty, and John P. McCormick as additional defendants. After much protracted litigation in the matter, during April 2021, the defendants named above (collectively, "Defendants"), all filed motions to dismiss and/or compel arbitration, relying on the aforementioned arbitration provision contained in the emailed Warranty. On June 11, 2021, the trial court entered an order denying Defendants' motions. In its order, the trial court noted that the Warranty

appears to have been a separate document sent unilaterally by the Defendants several months after the closing of the property sale. The [Simonettis] are

---

[2] Thomas McCormick is sued individually in the lawsuit and, according to the Simonettis' complaint, Mr. McCormick previously owned and managed Dwell Investment and possibly Dwell Townhomes, the latter which the Simonettis alleged was a "sham entity" and merely the "alter ego" of McCormick and Dwell Investment and possibly TNG. The complaint also named numerous John Does who were believed to be agents, employees, and/or subcontractors of TNG.

not alleged to have provided any additional consideration or to have been consulted at all in the formation of the "Home Warranty." Importantly, the "Home Warranty" is the only document between these parties which contains an arbitration clause[.]

At the outset of its analysis, the trial court addressed "whether a binding contract containing an arbitration provision was ever formed" such that the Simonettis could be bound. Ultimately, it determined that the Warranty was "insufficient to create a binding arbitration agreement on the parties" as there was "no evidence that there was any mutual assent or consideration by the [Simonettis] in negotiating the terms of the warranty." Moreover, it found that the Warranty was sent to the Simonettis "several months after the parties entered into the Agreement, in an attempt to modify the already existing contract unilaterally." Due to its finding that the Warranty "lacked consideration and mutual assent of the parties," the trial court determined that it was "not a binding contract modification and may not be used to compel arbitration." Defendants thereafter filed a notice of appeal with this Court.[3]

## ISSUES PRESENTED

Defendants raise a single issue for our review on appeal, restated as follows: Whether the trial court erred in denying Defendants' motions to compel arbitration pursuant to the Warranty.

For their part, the Simonettis raise a number of arguments in opposition to the Defendants' efforts to reverse the trial court's ruling, while also raising the issue of damages for a frivolous appeal.

## STANDARD OF REVIEW

This Court's review of a trial court's grant or denial of a motion to compel arbitration is "governed by the same standards that apply to a bench trial." *Trigg v. Little Six Corp.*, 457 S.W.3d 906, 911 (Tenn. Ct. App. 2014) (citing *Mitchell v. Kindred Healthcare Operating, Inc.*, 349 S.W.3d 492, 496 (Tenn. Ct. App. 2008)). Accordingly, we review the trial court's conclusions of law *de novo* without a presumption of correctness," and "[w]e review the trial court's findings of fact *de novo* with a presumption of correctness unless the evidence preponderates otherwise." *Jones v. Allenbrooke Nursing & Rehabilitation Ctr. LLC*, No. W2019-00448-COA-R3-CV, 2019 WL 6842372, at *2 (Tenn. Ct. App. Dec. 16, 2019) (citing Tenn. R. App. P. 13(d)).

---

[3] Although the trial court's denial of Defendants' motions to compel arbitration is not a final order, we note that Tennessee Code Annotated section 29-5-319(a)(1) provides that an appeal may lie from "[a]n order denying an application to compel arbitration made under § 29-5-303." Accordingly, this Court has subject matter jurisdiction to hear this interlocutory appeal.

*Whether the Trial Court Erred in Denying Defendants' Motions to Compel Arbitration*

Defendants' sole issue on appeal concerns whether the trial court erred in denying their motions to compel arbitration pursuant to the Warranty.

Arbitration is typically favored in Tennessee. *Wofford v. M.J. Edwards & Sons Funeral Home Inc.*, 490 S.W.3d 800, 810 (Tenn. Ct. App. 2015) (citing *Buraczynski v. Eyring*, 919 S.W.2d 314, 317 (Tenn. 1996)). "An agreement to arbitrate does not affect the rights and duties of the parties," but rather it "shifts the forum of dispute settlement." *Id.* (citing *Buracyznski*, 919 S.W.2d at 319). Nevertheless, despite this favorability, "parties 'cannot be forced to arbitrate claims that they did not agree to arbitrate.'" *Id.* (quoting *Frizzell Constr. Co. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79, 84 (Tenn. 1999)). In determining whether the parties involved actually "agreed to arbitrate a particular issue," we employ ordinary contract principles. *See id.*

In their brief, Defendants argue that "all questions regarding [the Warranty's] arbitrability must be decided by the arbitrator" rather than the court. Specifically, Defendants assert that pursuant to the arbitration rules, "the issues of whether the arbitration clause is enforceable or has been waived are disputes that themselves must be arbitrated." Respectfully, Defendants' position in this regard presupposes the existence of a contract containing an arbitration clause. In *Mid-South Maintenance Inc. v. Paychex Inc.*, No. W2014-02329-COA-R3-CV, 2015 WL 4880855, at *9 (Tenn. Ct. App. Aug. 14, 2015), this Court noted that "the issue of whether a contract containing an arbitration provision was formed remains a question that must be determined by the court as a threshold matter." This is precisely the present issue between the parties, as the trial court determined that there was no mutual assent concerning the Warranty. Such contract formation issues *are* an issue for the court, not an arbitrator.

"A contract 'must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced.'" *Moody Realty*

---

[4] At the outset, the Simonettis maintain that this appeal must be dismissed for lack of standing. Specifically, they point out that Defendants' right to appeal from the trial court's denial of their motions to compel arbitration is created by statute and, therefore, standing is a "jurisdictional prerequisite." Accordingly, the Simonettis argue that, because the purported warrantor of the Warranty is a non-existent legal entity, there is no standing to appeal the denial of the motions to compel. While we agree there is no dispute that the purported warrantor, Dwell Townhomes, LLC, does not exist, the Simonettis brought suit against multiple individuals and entities in addition to Dwell Townhomes, LLC. Accordingly, when the Defendants' motions to compel arbitration were denied by the trial court, the Defendants were statutorily permitted to appeal such denial. As such, we find this argument to be without merit.

*Co., Inc. v. Huestis*, 237 S.W.3d 666, 674 (Tenn. Ct. App. 2007) (citing *Staubach Retail Servs.-Se., LLC v. H.G. Hill Realty Co.*, 160 S.W.3d 521, 524 (Tenn. 2005)). "A meeting of the minds is determined 'by assessing the parties' manifestations according to an objective standard.'" *Wofford*, 490 S.W.3d at 810 (quoting *Moody Realty Co.*, 237 S.W.3d at 674). Under traditional common-law rule, if there is no mutual assent present, then there exists no contract. *Id.* (citing *Higgins v. Oil, Chem. & Atomic Workers Int'l Union, Local No. 3-677*, 811 S.W.2d 875, 879 (Tenn. 1991)).

To determine whether the arbitration provision in the present case is enforceable against the Simonettis, we must first consider whether the Warranty itself constitutes a valid contract to which the Simonettis are bound. The Simonettis signed an Agreement with Dwell Investment to purchase a townhome on June 30, 2017. This was the sole document which contained the parties' agreement concerning the transaction. The Agreement entered into by the parties contained no language concerning the Warranty, nor did it contain an agreement to arbitrate. Subsequently, TNG sent the Simonettis the Warranty containing the arbitration provision via email in April of 2018. As we previously noted, there are no signatures located on this Warranty, nor is there any indication that the Simonettis ever negotiated or agreed to its terms. Moreover, the Warranty was not incorporated by reference into the Agreement previously signed by the Simonettis. Rather, the only discussion of a warranty among the parties appears to be Mr. McCormick's alleged oral statement to the Simonettis that the townhome would be covered under a warranty and that they had "nothing to worry about." As noted, TNG, an entity that was not even a party to the Agreement, unilaterally sent the Simonettis an email containing the Warranty in April, 2021. Clearly, there was no "meeting of the minds" on the part of the Simonettis concerning this Warranty. Under basic contract law, it cannot be said that TNG sending the Warranty, which purported to obligate yet another third party, to the Simonettis created a valid and binding contract. *See Jamestowne on Signal, Inc., v. First Fed. Sav. & Loan Ass'n*, 807 S.W.2d 559, 564 (Tenn. Ct. App. 1990) ("The contemplated mutual assent and meeting of the minds cannot be accomplished by the unilateral action of one party[.]"). Pursuant to the present set of facts, we conclude that the Warranty does not constitute a valid and enforceable contract as there was no mutual assent to its terms. Moreover, not only do we find no indication of mutual assent, we, like the trial court, also find no evidence that there was consideration provided regarding this Warranty. *See Estate of Brown*, 402 S.W.3d 193, 200 (Tenn. 2013) ("Without mutual consideration, a contract is invalid and unenforceable."). As such, without mutual assent or consideration, we cannot find that the Warranty is a binding and enforceable contract. As a result, no binding contract containing an arbitration provision was ever formed.

*Whether This is a Frivolous Appeal*

The Simonettis maintain that this is a frivolous appeal and that they are entitled to their attorney's fees pursuant to Tennessee Code Annotated section 27-1-122. We agree.

Section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding." *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. 2003) (internal citations omitted). Based on our conclusions enumerated above concerning Defendants' motions to compel arbitration, we exercise our discretion to find that the present appeal is one devoid of merit such that it justifies an award of damages against Defendants for filing a frivolous appeal. Accordingly, we remand this matter to the trial court for the entry of an award of attorney's fees on appeal in favor of the Simonettis and against the Defendants.

CONCLUSION

Based on the foregoing, we affirm the trial court's denial of Defendants' motions to compel arbitration and remand for a determination of an appropriate award of attorney's fees to the Simonettis for frivolous appeal.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE
