IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 20, 2024 Session

## VICKI ANN GIRO v. KALEB WILBURN, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-160-22     E. Jerome Melson, Judge**

---

### No. E2023-01541-COA-R3-CV

---

This appeal concerns service of process and the statute of limitations. Vicki Ann Giro ("Giro") sued Kaleb Wilburn ("Wilburn") in the Circuit Court for Knox County ("the Trial Court") for injuries Giro sustained in a car accident with Wilburn. Giro failed to timely serve the summons in compliance with Tenn. R. Civ. P. 3 and failed to issue new process before the statute of limitations expired. Giro filed a motion for enlargement of time. In opposition to Giro's motion, the Trial Court was furnished with an altered copy of *Hollis ex rel. Nicole N. v. Sanchez*, No. M2022-01190-COA-R3-CV, 2023 WL 5920145 (Tenn. Ct. App. Sept. 12, 2023), *no appl. perm. appeal filed*. The altered copy of *Hollis* retains the heading "MEMORANDUM OPINION" but omits Footnote 1 stating that, as a memorandum opinion, *Hollis* is not to be cited or relied on in any unrelated case pursuant to Tenn. Ct. App. R. 10. The Trial Court, which had been furnished on Wilburn's behalf with the altered copy missing the explanatory footnote, relied heavily on *Hollis* to deny Giro's motion for enlargement of time. We therefore vacate the judgment of the Trial Court and remand for the Trial Court to exercise its discretion on whether to grant Giro's motion for enlargement of time without considering *Hollis* or any other opinion designated by this Court as a memorandum opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

David R. Grimmett, Franklin, Tennessee, for the appellant, Vicki Ann Giro.

Terrill L. Adkins and Elijah T. Settlemyre, Knoxville, Tennessee, for the appellee, Kaleb Wilburn.

Daniel J. Ripper, Chattanooga, Tennessee, for the appellee, Allstate Insurance Company.

# MEMORANDUM OPINION[1]

## Background

On June 1, 2021, Giro and Wilburn were involved in a car accident. On May 31, 2022, Giro sued Wilburn in the Trial Court alleging that she was injured in the car accident as a result of Wilburn's negligence. Giro issued a summons for service of her complaint on Wilburn marked "ATS"—attorney to serve. On June 8, 2022, Allstate Insurance Company ("Allstate"), Giro's uninsured/underinsured motorist carrier and an unnamed defendant, was served. In July 2022, Allstate filed a notice of appearance and an answer. On September 8, 2022, some 100 days after the summons was issued, Giro's service on Wilburn was delivered by certified mail. No return of service was filed between May 31, 2022 and May 31, 2023. The statute of limitations for personal injury actions is one year. *See* Tenn. Code Ann. § 28-3-104.

On June 12, 2023, Wilburn filed a notice of special and limited appearance of counsel "for the purpose of filing a Motion to Dismiss for Failure to State a Claim . . . ." In Wilburn's motion to dismiss, he argued insufficiency of service of process and expiration of the statute of limitations. Wilburn's motion to dismiss later was transformed into a motion for summary judgment. In her response, Giro asserted that Wilburn was equitably estopped from asserting the statute of limitations defense based on representations from his insurance carrier. Allstate filed a motion for summary judgment as well.

On August 14, 2023, Giro filed a motion for enlargement of time pursuant to Tenn. R. Civ. P. 6.02. In opposition to Giro's motion, the Trial Court was furnished with an altered copy of *Hollis*. The altered copy of *Hollis* submitted on Wilburn's behalf retains the heading "MEMORANDUM OPINION" but omits Footnote 1 stating that, as a memorandum opinion, *Hollis* is not to be cited or relied on in any unrelated case pursuant to Tenn. Ct. App. R. 10.

In September 2023, the Trial Court heard Giro's motion for enlargement of time and the defendants' motions for summary judgment. In October 2023, the Trial Court entered its final judgment in which it denied Giro's motion for enlargement of time and then granted the defendants' motions for summary judgment. In so doing, the Trial Court relied

---

[1] Rule 10 of the Court of Appeals Rules provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

heavily on *Hollis* to deny Giro's motion for enlargement of time. Giro timely appealed to this Court.

## **Discussion**

This case was decided by summary judgment. Regarding the standard of review for cases disposed of by summary judgment, the Tennessee Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

\*\*\*

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id*. When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or

denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.* [*v. Zenith Radio Corp.*], 475 U.S. [574,] 586, 106 S.Ct. 1348 [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC,* 477 S.W.3d 235, 250, 264-65 (Tenn. 2015). With respect to Giro's motion for enlargement of time, a trial court's decision on whether to grant such a motion is reviewed for abuse of discretion. *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006).

Giro raises several issues, but we discern one dispositive issue *sua sponte*. The attachment to "Defendant's 2nd Supplemental Response in Opposition to Plaintiff's Motion for Enlargement of Time" was an altered copy of *Hollis* retaining the heading "MEMORANDUM OPINION" but omitting Footnote 1 explaining that, as a memorandum opinion, *Hollis* is not to be cited or relied on in any unrelated case pursuant to Tenn. Ct. App. R. 10. The present case is unrelated to *Hollis*. Thus, *Hollis* should not have been relied on here. We do not know specifically why an altered copy of *Hollis* was furnished to the Trial Court, only that it happened. The Trial Court understandably relied heavily on *Hollis* in its ruling.

Whether to grant Giro's motion for enlargement of time was a discretionary decision for the Trial Court. However, the Trial Court's exercise of discretion in this matter was hindered by the provision to the Trial Court of an altered copy of *Hollis* omitting the crucial footnote explaining that *Hollis* is not to be cited or relied on in any unrelated case. The Trial Court must have an opportunity to decide Giro's motion free from misinformation furnished to it. We, therefore, vacate the judgment of the Trial Court and remand for the

Trial Court to exercise its discretion on whether to grant Giro's motion for enlargement of time without considering *Hollis* or any other opinion designated by this Court as a memorandum opinion.

## **Conclusion**

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for collection of the costs below and further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellee, Kaleb Wilburn.

_____
D. MICHAEL SWINEY, CHIEF JUDGE